**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GONZALO PEREZ AND MAGDALENA ALONSO, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-5224 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008. Gonzalo Perez and Magdalena Alonso sued their insurer, Nationwide Property and Casualty Insurance Company ("Nationwide"), and the insurance adjusters who they allege handled their claim, Roy Kneese and Heather Diamond. Their petition, filed in the 295th District Court of Harris County on November 15, 2010, alleges fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code. It also alleges breach of contract and breach of the duty of good faith and fair dealing against Nationwide. (Docket Entry No. 1, Ex. 4).

Nationwide moved to dismiss the plaintiffs' fraud, conspiracy to commit fraud, breach of the duty of good faith and fair dealing, and Texas Insurance code allegations. (Docket Entry No. 4). Kneese, (Docket Entry No. 6), and Diamond, (Docket Entry No. 12), have moved to dismiss all of the plaintiffs' allegations. The plaintiffs responded, (Docket Entries No. 8, 17), and Kneese, (Docket Entry No. 11), and Nationwide, (Docket Entry No. 10), replied.

Nationwide, Kneese, and Diamond have also moved to abate, invoking the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154.  (Docket Entry Nos. 9, 15).  The plaintiffs responded, (Docket Entry Nos. 13, 16), and the defendants replied, (Docket Entries Nos. 14, 18).

Based on the petition, the motions, and the relevant law, this court grants the Nationwide's, Kneese's[1], and Diamond's motions to dismiss, with leave to amend.  This court denies Nationwide's, Kneese's, and Diamond's motions to abate  The plaintiffs have until **May 10, 2011** to file an amended complaint.  The reasons for this ruling are explained below.

## II.   Analysis

### A.   The Motions to Dismiss

The defendants argues that the plaintiffs' claims for fraud, conspiracy to commit fraud, and various misrepresentations under the Texas Insurance Code should be dismissed for failure to comply with Rule 9(b).  A motion to dismiss for failure to plead with the particularity required by Rule 9(b) is treated as a Rule 12(b)(6) motion for dismissal for failure to state a claim.  *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996).  Rule 9(b) states:

---

[1]  In his motion to dismiss, Kneese asserts that he never assisted in the investigation of the plaintiffs' claims. The claims against him are dismissed and before amending its complaint, the plaintiffs should ensure that Kneese is a proper party.

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that while Rule 9 requires pleading with particularity "when pleading 'fraud or mistake,'" it allows "'[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'" *Id.* at 1954 (alterations in original) (quoting FED. R. CIV. P. 9(b)); *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally."). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In *Iqbal*, the Court explained that term "generally," as used in Rule 9, "is a relative term." 129 S. Ct. at 1954. "In the context of Rule 9, ['generally'] is to be compared to the particularity requirement applicable to fraud or mistake," that "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard," and that Rule 9 "does not give [a party] license to evade the less rigid-though still operative-strictures of Rule 8." *Id.* (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, at 291 (3d ed. 2004)). "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general

3

allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

The defendants argues that the common law fraud and conspiracy to commit fraud claims should be dismissed because they are not sufficiently pleaded under Rule 9(b). The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To plead fraud sufficiently under Rule 9(b), the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

The plaintiffs' petition alleges a variety of violations of the Texas Insurance Code arising out of the denial of their hurricane-damage claim. They contend that the adjusters' investigation was insufficient and that there are systemic problems in the claims-adjusting process followed by the insurer. Their petition does not, however, allege what fraudulent statements or misrepresentations were made by which defendants, when they were made, or why they were fraudulent or otherwise inaccurate. The allegations of fraud and misrepresentation do not satisfy Rule 9(b).

The plaintiffs' allegation of conspiracy to commit fraud is derivative of their fraud claim. *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (unpublished) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).

4

Because they have failed to state a claim for fraud, they have failed to state a claim for conspiracy to commit fraud. *Cf. id.* (holding that summary judgment was appropriate on a claim of civil conspiracy to commit fraud when summary judgment was appropriate for the underlying fraud claim).

The remaining claims against the defendants are also too vague. In both the factual background section and the causes of action, the petition essentially repeats the language of §§ 541 and 542 of the Texas Insurance Code and alleges a breach of the duty of good faith and fair dealing. Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544 at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 WRIGHT, MILLER & KANE § 1487; *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir.

2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

The motions to dismiss are granted, with leave to amend.[2]

### B. The Motions to Abate

The Texas Insurance Code requires that before a policy holder files a suit against an insurer, the policy holder must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b).

The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *3 (Tex. App.—San Antonio Mar. 1, 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156 – .159 of the Insurance Code"). After receiving notice of the suit, the defendant insurer has 60 days to make a settlement offer. The defendant insurer's settlement offer must separately state: (1) "an amount of money or other consideration, reduced to its cash value, as settlement of the claim for damages"; and (2) "an amount of money to compensate the claimant for the claimant's reasonable and necessary attorney's fees incurred as of the date of

---

[2] The plaintiffs argue that this court should deny the motions to dismiss because they lack certification that they conferred with the plaintiffs and disagree about the disposition of the motion. *See* S.D. Tex. L.R. 7.1(D). Motions to dismiss are exempt from Rule 7.1(D).

6

the offer." TEX. INS. CODE § 541.157(1)–(2). If the policy holder rejects the defendant insurer's settlement offer, and, after liability is determined, "the court finds the amount stated in the settlement offer . . . is the same as, substantially the same as, or more than the amount of damages found by the trier of fact," the policy holder may not recover "any amount in excess of the lesser of . . . the amount of damages stated in the offer; or the amount of damages found by the trier of fact." TEX. INS. CODE § 541.159(a). If the court finds the amount stated in the settlement offer is the same as, substantially the same as, or more than the amount of damages, the policy holder's claims for attorney's fees are limited to "the amount of fees stated in the offer," and the policy holder cannot recover for any attorney's fees incurred after rejecting the settlement offer. TEX. INS. CODE § 541.159(b). The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[3]

If the policy holder fails to provide the required notice, the Texas Insurance Code allows the defendant insurer to abate further proceedings. The defendant insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer." TEX. INS. CODE § 541.155(a). Abatement is automatic and without court order if the defendant "[verifies]" the plea in abatement, and the plaintiff does not controvert the verified plea before the 11th day after the plea in abatement "beginning on the 11th day after the date a plea in abatement is filed." TEX. INS. CODE

---

[3] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

§ 541.156(c) (emphasis added). The statute provides that if the plaintiff disputes abatement, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice . . . required." TEX. INS. CODE § 541.156(b). In either case, "[a]n abatement . . . continues until the 60th day after the date notice is provided . . . ." TEX. INS. CODE § 541.155(d). If the policy holder provides notice for a period shorter than 60 days before filing suit and the suit is automatically abated, a court does not need to "formally grant another sixty-day abatement" if more than 60 days have passed since the policy holder provided notice. *See In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 178 (Tex. 1999) (upholding trial court's decision that formal abatement was unnecessary even though the plaintiffs failed to provide notice 60 days before filing their DTPA suit because the suit was automatically abated and "by the time [the trial court] issued its ruling, more than sixty days had passed since Plaintiffs sent their notices"); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).

The Texas Insurance Code recognizes an exception if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Courts have held that "[i]n order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005); *see also Camp v. RCW & Co., Inc.*, Civ. A. No. H-05-3580, 2007 WL 1306841(S.D. Tex. May 3, 2007) ("[T]o benefit from this exception, a 'plaintiff must plead and prove that he qualifies for the limitations exception.'" (quoting *Winkle Chevy–Oldsmobile–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus

Christi 1992, writ dism'd)).

The record shows that the plaintiffs filed suit on November 15, 2010, and sent the notice letter to the defendants' counsel on February 7, 2011, (Docket Entry No. 13, Ex. D). The plaintiffs' petition does not provide the required statutory notice; the plaintiffs' February 7, 2011 letter does. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 191–92 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the specific facts supporting the cause of action were implied). The state court petition provides neither reasonable detail of "the specific complaint" or "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The notice letter, however, does contain factual information about the cause of action and the amount of damages sought. The letter states that the specific problem with the defendants' adjustment of the insurance claim was inadequate time spent by the adjuster examining the damage to the plaintiffs' home, including the roof, and allowing only minimum repairs to the roof in the estimate. The letter identifies the facts or provides a basis to imply the

9

facts. The letter is sufficient notice under § 541.154(b) of the Texas Insurance Code to trigger the 60-day abatement period.

The plaintiffs argue that the pendency of limitations excuses the requirement. But under the applicable precedent, the plaintiffs must "plead and offer some proof" that giving notice was "rendered impracticable." *See Cleo Bustamante Enters.*, 2007 WL 1306841, at *1 ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit even though the plaintiff could not provide notice within the statute of limitations because the plaintiff could identify all named defendants six months before filing suit).

The plaintiffs filed suit in state court on November 15, 2010. They argue in response to the abatement motion that "[t]he statute of limitations in this case cannot be precisely determined, and may run as early as November 2010. If Plaintiffs provided Defendants a 60-day notice before filing, the limitations may have foreclosed Plaintiffs' claims." (Docket Entry No. 13, at 3). But there is no pleading or proof that limitations made the statutory notice "impracticable." Failure to provide notice does not prevent the plaintiff from filing suit or lead to dismissal. Instead, the courts have applied the requirement to abate the suit until the statutory notice requirement is met.

The defendants' motions to abate are granted. Because the plaintiff's February 7, 2011 provided statutory notice, the 60-day abatement period began on that date.

## III. Conclusion

Nationwide's motion for partial dismissal, (Docket Entry No. 4), is granted; Kneese's motion to dismiss, (Docket Entry No. 6), is granted; Diamond's motion to dismiss, (Docket Entry No. 12), is granted; Nationwide's and Kneese's motion to abate, (Docket Entry No. 9), is granted; and

Diamond's motion to abate, (Docket Entry No. 15), are granted.  This case is abated until **April 11, 2011.**  The plaintiffs have until **May 10, 2011** to file an amended complaint.

        SIGNED on March 8, 2011, at Houston, Texas.

                                        Lee H. Rosenthal
                                  United States District Judge