# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GONZALO PEREZ AND MAGDALENA ALONSO, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-5224 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008.  Gonzalo Perez and Magdalena Alonso, who own a home in Pasadena, Texas, sued their insurer, Nationwide Property and Casualty Insurance Company ("Nationwide"), and the adjusters who allegedly handled their claim, Roy Kneese and Heather Diamond.  The suit was filed in Texas state court.  The defendants timely removed on the basis of diversity jurisdiction, arguing that the in-state individual defendant, Kneese, was improperly joined.   After this court granted the defendants' motions to dismiss the state-court petition, the plaintiffs filed an amended complaint against the same defendants.  The plaintiffs then moved to remand, (Docket Entry No. 23); the defendants responded, (Docket Entry No. 32); and the plaintiffs replied, (Docket Entry No. 33).  Based on the pleadings; the motion, response, and reply; the record; and the relevant law, this court grants the motion to remand.[1]  The reasons are explained below.

---

[1] The defendants' motion to dismiss the amended complaint, (Docket Entry No. 22), is denied as moot.

P:\CASES\2010\10-5224\10-5224.b03.wpd

I.      **The Legal Standard**

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441. A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). If at any time after removal but "before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28.U.S.C. § 1447(c). In this case, subject-matter jurisdiction is premised solely on diversity. The plaintiffs are Texas residents. One of the defendants, Kneese, is also a Texas resident. Unless Kneese's citizenship can be disregarded, remand is required.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Under the second approach, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able

to recover against an in-state defendant." *Id.* In determining whether there is a reasonable basis to predict that the plaintiff might recover against a defendant under state law, a court may conduct "a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "Alternatively, a district court may 'pierce the pleadings and conduct a summary inquiry' if a plaintiff's claim misstates or omits specific facts that would determine whether joinder was proper." *Holden v. Ill. Tool Works, Inc.*, 429 F. App'x 448, 451 (5th Cir. 2011) (quoting *Smallwood*, 385 F.3d at 573). This inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" and "should not entail substantial hearings." *Smallwood*, 385 F.3d at 573–74. "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. "The burden of persuasion on a party claiming improper joinder is a heavy one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (internal quotation marks omitted). Contested factual allegations and ambiguities of state law must be considered in the light most favorable to the plaintiff. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 812 (5th Cir. 2011).

## II.     Analysis

To avoid remand, the defendants must prove that there is no reasonable possibility that the plaintiffs will be able to establish a cause of action against Kneese in state court. The defendants do not dispute that an individual insurance agent or adjuster may be held liable under the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485–86 (Tex. 1998). The defendants also do not argue that the allegations in the state-court petition and the first amended complaint provide no reasonable basis for predicting recovery against Kneese in state

court.[2] Instead, the defendants ask this court to pierce the pleadings and to conclude, based on the evidence submitted in response to the motion to remand, that Kneese was improperly joined because he was not the insurance adjuster assigned to the plaintiffs' claim.

The defendants have attached two affidavits to their response to the motion for remand: an affidavit from Kneese, the in-state defendant; and an affidavit from James Biggs, a Nationwide claims representative knowledgeable about its investigation of Hurricane Ike claims.   Kneese declared that he "was not the insurance adjuster who investigated or inspected" the plaintiffs' claim and that his "job duties for Nationwide did not (and do not) include any direct involvement" with Hurricane Ike claims. (Docket Entry No. 32-1, at 2).  Biggs declared that he reviewed Nationwide's file for the plaintiffs' claim and concluded that Kneese "did not work on or assist in the investigation

---

[2] In the state-court petition, the plaintiffs alleged that Nationwide assigned Kneese as the individual adjuster on their claim and that Kneese "misrepresented to [them] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence"; "failed to explain to Plaintiffs the reasons for [the defendants'] offer of an inadequate settlement"; "failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made"; "failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time"; and "performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property."  (Docket Entry No. 1-4, at 6-8).  This court dismissed the state-court petition under Rule 12(b)(6), but the dismissal was not necessarily a ruling that the petition provided no reasonable basis for predicting recovery against the in-state defendant in state court.  In evaluating improper joinder arguments, the more lenient state-court pleading standard, not the federal standard under Rule 12(b)(6), applies. *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010).  Courts in this district have found that allegations similar to the ones in the plaintiffs' state-court petition provide a reasonable basis for predicting recovery against the individual defendant in state court. *See, e.g., Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (finding that the plaintiff's allegations that defendant "misrepresented . . . that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence"; "failed to attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability"; "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement"; "failed to affirm or deny coverage of Plaintiff's claim within a reasonable time"; and "refused to fully compensate Plaintiff under the terms of the Policy" provide a reasonable basis for recovery under the Texas Insurance Code); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 2009) (finding that the plaintiff's allegations that an insurance adjuster failed to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim" and failed "to affirm or deny the claim within a reasonable time" provide a reasonable basis for recovery under the Texas Insurance Code).  Moreover, the plaintiffs' first amended complaint contains additional factual allegations.  For example, the plaintiffs alleged that Kneese misrepresented by $800 the cost to repair the plaintiffs' roof in an estimate he approved and provided to the plaintiffs.  Based solely on the allegations in the state-court petition and the first amended complaint, this court cannot predict that, under Texas law, the plaintiffs have no basis to recover against Kneese.

of Plaintiffs' Hurricane Ike claim in any way." (Docket Entry No. 32-2, at 2). If the affidavits were the only evidence in the record, this court would conclude that Kneese was improperly joined. But the plaintiffs submitted a December 9, 2009 letter from Nationwide referring to an enclosed estimate of Nationwide's valuation of the plaintiffs' covered losses. Kneese signed the letter. (Docket Entry No. 33-1). The defendants have not submitted evidence explaining why Kneese signed the letter if he did not work on the plaintiffs' claim. It may be, as the defendants' counsel stated in an email to plaintiffs' counsel, that the letter was a "form" to which Kneese's name "was mistakenly added." (Docket Entry No. 33-2, at 1). But without evidence explaining why Kneese's name appears on the letter, this court cannot determine that Kneese did not work on the plaintiffs' claim, which is the reason asserted to defeat remand. Based on the current record, the defendants have not met their "heavy burden" of proving that there is no reasonable possibility the plaintiffs will recover against Kneese under state law.

## III.    Conclusion

The plaintiffs' motion to remand is granted. This action is remanded to the 295th District Court of Harris County, Texas.

SIGNED on December 14, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge